UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No.: 21-CR-508 (BAH) |
| LUKE WESSLEY BENDER and : | |
| LANDON BRYCE MITCHELL, : | |
| Defendants. : | |

### GOVERNMENT'S RESPONSE TO COURT'S NOVEMBER 28, 2022 ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's November 28, 2022 Minute Order requesting additional information in advance of Defendants' December 2, 2022 Stipulated Trial. The government responds to each of the Court's requested categories of information as follows:

**A.  Estimated Duration for Presentation at the Stipulated Trial of Evidence Detailed in the Government's Exhibit Lists (responsive to 1(a)).**

The government provided its exhibit list and copies of those exhibits as evidentiary support for the facts set forth in the Statements of Offense. *See* ECF No. 75 at 9-26 (Mitchell), 34-53 (Bender). Because it is anticipated that the Defendants will acknowledge in writing and during the stipulated trial that those facts are true and correct, the government does not plan to present or play any evidence beyond that which is already contained in each Statement of Offense, unless the Court so requests. Therefore, the government anticipates that its presentation will require only the time necessary to read into the record each Defendant's Statement of Offense, or less than thirty minutes per Defendant.[1]

---

[1] This approximation presumes that on or before December 2, 2022, the Defendants will sign both the Acknowledgment page of each Statement of Offense and the Agreement and Waiver of Jury Trial Rights, signatures which the government attempted to obtain from each Defendant in advance of the November 14, 2022 filing date.

B. **Summary of Facts and Evidence on which the Government Relies to Prove its Case Beyond a Reasonable Doubt That Either Defendant has "Otherwise Noted" as Not Being "True and Accurate."**

At this time, the government does not anticipate that either Defendant will argue that any evidence contained in his Statement of Offense is not true and accurate. Counsel for Defendants previously have agreed that all such facts are true and accurate.

C. **Written Statement Setting Forth the Terms, with Potential Penalties, of any Plea Offer Made to Either Defendant, Pursuant to Fed. R. Crim. P. 11, and the Date Such Offer was Made and Lapsed.**

On December 28, 2021 and March 5, 2022, the government sent letters to counsel for defendant Bender and defendant Mitchell, respectively, detailing a proposed plea whereby each Defendant would plead guilty to Count I of his indictment, charging Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2). *See* ECF No. 81-1 (Bender); ECF No. 82-1 (Mitchell).

Those letters advised Defendants that a violation of 18 U.S.C. § 1512(c)(2) carries a maximum sentence of 20 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made. *See id.* The letters also noted a $100 special assessment per felony would be mandatory under law, and that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, Guidelines Manual (2021), the Court could also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. *See id.* The government preliminarily estimated that each Defendant would face a Sentencing Guidelines range of 27 months to 33 months' imprisonment, and a fine of $10,000 to $95,000 as to Bender and $7,500 to $75,000 as to

Mitchell. ECF No. 81-1 at 4; ECF No. 82-1 at 4. Each Defendant would have been required to agree to pay restitution in the amount of $2,000. *Id.* at 8.

Defendant Bender's proposed offer expired initially on January 17, 2022, but the government re-sent the offer paperwork to Bender's new counsel on March 16, 2022 to reopen discussion of a potential plea. Defendant Bender subsequently confirmed that he did not wish to enter such an agreement. Defendant Mitchell's proposed offer expired on April 11, 2022.

**D.    Explanation Regarding a Plea Offer Under Fed. R. Crim. P. 11(a)(2) Versus the Recommended Stipulated Trial.**

The Court's order also requested that the government explain whether any plea offer was extended, pursuant to Fed. R. Crim. P. 11(a)(2), permitting either Defendant to reserve the right to have an appellate court review an adverse determination of a pretrial motion regarding a conviction of his 18 U.S.C. § 1512(c)(2) charge and, if not, explain why the alternative of a stipulated trial providing each Defendant an opportunity for appellate review of all adverse determination(s) of any pretrial motion is preferable. In response, the government submits as follows:

The government did not offer either Defendant a conditional plea under Fed. R. Crim. P. 11(a)(2) that permitted the Defendant to preserve appellate review of an adverse pretrial ruling on a motion to dismiss the count charging a violation of 18 U.S.C. § 1512(c)(2) (obstruction of a congressional proceeding). Like preserving a discrete issue for appellate review in a guilty plea under Fed. R. Crim. P. 11(a), the Agreement and Waiver of Jury Trial Rights included in the stipulated trial paperwork permits appeal of that adverse ruling. *See* ECF No. 75 at 31-32 (Mitchell), 58-59 (Bender). That Waiver does not, however, permit appeal of *all* adverse pretrial determinations. *See id.* at 31-32, 58-59 (noting that a stipulated trial does not "curtail, abridge, or otherwise affect" the right to appeal the Court's denial of each Defendant's motion to dismiss Count 1, but not addressing any other adverse pretrial rulings).

A stipulated trial conviction is preferable because it results in a final adjudication of guilt, whereas a plea can be subject to a motion to withdraw before sentencing, and a Defendant can withdraw such a guilty plea if he establishes a "fair and just reason" for such a withdrawal. *See* Fed. R. Crim. P. 11(d)(2)(B); *United States v. Hyde*, 520 U.S. 670, 671 (1997). Although such motions are not granted "as a matter of right," they are construed to be "liberally granted" in certain circumstances. *United States v. Ahn,* 231 F.3d 26, 30 (D.C. Cir. 2000) (citations omitted). No mechanism to withdraw is available following a stipulated trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20001
Samantha.Miller@usdoj.gov

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Michael.Gordon3@usdoj.gov
Tel.: 813-274-6370

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney, Tax Division,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
P.O. Box 55, Washington, D.C. 20044
Jordan.A.Konig@usdoj.gov
Tel.: 202-305-7917