UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

v.

**LANDON MITCHELL (2)**

Case No. 1:21CR508(BAH)

## DEFENDANT LANDON MITCHELL'S RESPONSE TO MINUTE ORDER

Mr. Landon Mitchell, through counsel, hereby respectfully responds to the Court's Minute Order that "each defendant submit a written statement from defense counsel indicating the dates on which the terms of any plea offer were communicated to defendant and rejected." Minute Order, November 28, 2022.

On March 5, 2022, the government sent Mr. Mitchell's prior counsel the attached plea letter.[1] Current counsel joined the case after the plea offer was initially discussed by prior counsel and Mr. Mitchell. While preparing for trial, counsel discussed non-trial options, including the possibility for a stipulated trial, with Mr. Mitchell on several occasions in September and October 2022. Subsequently, on October 13, 2022, Mr. Mitchell, through counsel, advised the government that Mr. Mitchell is willing to accept responsibility for his conduct via a stipulated trial agreement, whereby he would maintain his right to appeal the Court's ruling on his Motion to Dismiss Count 1 in light of the pending appeal in *United States v. Miller*.[2]

---

[1] The government's plea letter is attached hereto as Exhibit 1.

[2] *United States v. Miller*, No. 1:21-cr-00119 (CJN) (D.D.C. Mar. 7, 2022). As the Court is aware, the government's appeal of Judge Nichols's Order in *United States v. Miller*

The government was only willing to consider a stipulated trial resolution if both Mr. Mitchell and his co-defendant agreed to proceed in that fashion, thereby wiring any stipulated trial for Mr. Mitchell to an agreement to do the same by Mr. Bender. After thorough consideration, both defendants agreed to resolve the case through a stipulated trial.

The government agreed and represented that, barring any additional facts arising between now and sentencing, it would agree that, consistent with its plea offer, Mr. Mitchell should receive a three-level reduction under USSG § 3E1.1 for his acceptance of responsibility. The government also agreed that the guideline range set forth in the March 5, 2022, plea letter is the correctly calculated guideline range.[3] Following these representations by the government, Mr. Mitchell agreed to waive his right to a jury trial and to resolve the case by stipulated trial. He is prepared to submit a signed waiver of jury trial and statement of offense on December 2, 2022.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
DIANE SHREWSBURY
Assistant Federal Public Defender

---

is pending before the D.C. Circuit. In light of the pending appeal, many January 6 defendants, like Mr. Mitchell, who wish to accept responsibility for their conduct while maintaining their objections to the application of 18 USC §1512 have resolved their cases by way of stipulated trial agreement.

[3] At this time, Mr. Mitchell does not concede that the "administration of justice" enhancement under USSG § 2J1.2 applies.

625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500